[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties appeared pro se for trial in a limited contested dissolution of marriage action. The wife, whose maiden name was Sheila Berger, and the husband intermarried at New York City, New York, on November 16, 1968. The parties to the marriage resided continuously in the state of Connecticut for at least 12 months next preceding the date of the filing of this complaint and in fact, had lived here in excess of ten years. The court finds that the marriage of the parties has broken down irretrievably. The husband and wife have no minor children issue of the marriage. No other minor children have been born to the wife since the date of the marriage.
Both parties are college educated. The husband is a certified public accountant and has been involved in many investments including the Rice Aircraft Company and various oil and gas interests. The wife did not work in the last 16 years of the marriage and has not worked since the dissolution of marriage action was brought.
The husband is presently in Chapter 7 bankruptcy and shows that his monthly income from employment is $10,000.00. He shows expenses on a monthly basis. He shows that he has no liabilities since he expects that they will be discharged in bankruptcy. On the other side of the ledger, he shows no assets because they will all be under the control of the trustee. He CT Page 8701 claims he has only a nominal amount of cash in his possession and under his control. He has been paying $2,500.00 per month alimony.
The wife has been receiving from Empire Oil Gas interests $2,250.00 per month for a gross income of $4,750.00. Her expenses exceed her income presently.
The court finds it has jurisdiction. Introduced was a letter into evidence indicating that the dissolution of marriage court in Connecticut had jurisdiction despite the fact that the plaintiff was in personal bankruptcy.
The court has listened to the parties and the son and reviewed all the exhibits in the case. In addition, the court has taken into consideration all the criteria set forth in Connecticut General Statutes 46b-81, the assignment of property and transfer of title statute and 46b-82, the alimony statute, and, in addition, the court has reviewed the financial affidavits of the parties and considered all other relevant statutory criteria.
The plaintiff claims, in his claims for relief, f, that he ought to pay the defendant $2,500.00 per month. The defendant claims that she needs $3,500.00 per month.
Accordingly, the court orders as follows:
1. The court hereby grants a dissolution of marriage on the grounds of irretrievable breakdown.
2. The plaintiff shall pay to the defendant as alimony the sum of Three Thousand Five Hundred ($3,500.00) Dollars per month as long as she shall live. Said alimony shall terminate, however, on the defendant's death, remarriage, cohabitation under the statutes or the plaintiff's death.
3. The plaintiff shall pay the defendant's medical insurance premiums for one year after the date of this decree.
4. The plaintiff shall hold the defendant harmless on all joint tax returns that the parties filed during the course of the marriage.
5. The plaintiff shall hold the defendant harmless on the United Jersey Bank loan shown on the defendant's affidavit in the approximate sum of $30,000.00.
6. The plaintiff shall hold the defendant harmless on any claim by the bank that foreclosed the mortgage on the CT Page 8702 premises known as 17 Burr Farms Road, Westport, Connecticut or any deficiency judgment they may claim.
7. The court finds that the arrearage as agreed on between the parties is $15,719.31. The plaintiff is ordered to begin payments on that arrearage at the rate of $500.00 per month commencing with the first payment on December 1, 1991. Said payments shall continue until paid in full even if the basic underlying alimony is terminated or reduced.
8. The court contemplates that the defendant will have to be employed in order to make ends meet. Accordingly, the court will not consider it a material or substantial change in circumstances of the wife's earnings until she earns in excess of $25,000.00.
9. Should the bankruptcy petition be discharged or should the plaintiff receive any assets from the bankruptcy proceedings, the defendant shall receive fifty (50%) per cent of those assets. This order shall expire one year from the date of this decision.
10. Each of the parties shall keep their own personal property presently in their possession as their sole and exclusive property.
11. A contingent wage execution order shall issue.
This decision is rendered under the authority of Sherr v. Sherr, 183 Conn. 266 (1981).
EDWARD R. KARAZIN, JR., JUDGE